IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELVON DARNELL COLLIER and TYNESIA COLLIER,<br><br>Plaintiffs,<br><br>v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC., et al.,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>1:16-CV-04206-SCJ-JFK |

**FINAL REPORT AND RECOMMENDATION**

On February 28, 2017, this court entered an order directing Plaintiffs to show cause within twenty-one days why this complaint should not be dismissed for failure to effect service of process. [Doc. 4]. That time has elapsed, and Plaintiffs have not responded. For the following reasons, the court recommends that the complaint be dismissed without prejudice.

This action commenced in this court on November 10, 2016, when the complaint filed in the Superior Court of Gwinnett County, Georgia, was removed to federal court. [Doc. 1]. As previously noted, the docket does not reflect service on the named Defendants either before or since removal. The Federal Rules of Civil Procedure apply to actions removed from state court. See Fed. R. Civ. P. 81(c)(1). If service of process

was defective in the state court proceeding or was not attempted, 28 U.S.C. § 1448 affords a plaintiff an opportunity upon removal (1) to serve any defendants not served in the state court proceeding and (2) to re-serve any defendants who were improperly served while the matter was pending in state court. See Patterson v. Brown, 2008 WL 219965, at *4 (W.D. N.C. January 24, 2008) (After removal, 28 U.S.C. § 1448[1] gives plaintiffs "an opportunity . . . (1) to serve any Defendants not served in the state court proceeding and (2) to re-serve any Defendants who were improperly served while the matter was pending in state court."), rev'd in part on other grounds, Patterson v. Whitlock, 392 Fed. Appx. 185 (4th Cir. 2010). In that regard, a plaintiff must have a Summons issued for each named defendant by the Clerk of Court; must serve the Summons and a copy of the Complaint on each defendant, in this case, within ninety days of the date of removal of the Complaint by the manner and means set out in the rules; and, once service is completed, must promptly file an affidavit of such service with the Clerk of Court. See generally Rule 4, Fed. R. Civ. P. (as amended December

---

[1]28 U.S.C. § 1448 provides: "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."

1, 2015). Plaintiffs were advised of their responsibility to effect service on each Defendant. [Doc. 3]. And in the show cause order, Plaintiffs were given the information set forth above and cautioned that failure to respond to the show cause order could result in dismissal of the complaint. [Doc. 4]. Even litigants who, like Plaintiffs, are proceeding *pro se* must comply with the Federal Rules of Civil Procedure, see Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996), as well as with the Local Rules of this Court. The court finds that Plaintiffs have not timely served the named Defendants.

However, "Rule 4(m) affords two safety hatches" for a plaintiff to "escape dismissal" for failure to properly serve a defendant: by "showing [ ] good cause, or by convincing the court to use its discretion to extend time even when good cause is absent." Lau v. Klinger, 46 F. Supp. 2d 1377, 1380 (S.D. Ga. 1999); see also Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005) (same).[2] Plaintiffs have not attempted to show that they had good cause for not properly serving the named Defendants. Therefore, the court need only consider whether to allow Plaintiffs an extension of time, although not requested, to serve

[2]Good cause may exist "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Commrs., 476 F.3d 1277, 1281 (11th Cir. 2007).



AO 72A
(Rev.8/82)

Defendants.

Plaintiffs have presented no reasons for the court to exercise its discretion to otherwise extend the time for service of process. See Henderson v. United States, 116 S. Ct. 1638, 1641 n.5, 1643 (1996) (noting that the 1993 amendments to the Rules accorded courts "discretion to enlarge the 120-day period 'even if there is no good cause shown'") (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)). Plaintiffs failure to make even a minimal effort to ensure timely service within the time frame allowed - or to request additional time - should not be rewarded with an extension to serve Defendants. Cf. McInerney v. San Francisco Housing Authority, 196 Fed. Appx. 485, 486 (9th Cir. 2006) ("The district court did not err in dismissing the unserved defendants because it is undisputed that, even after a two month extension, McInerney failed to serve 24 of the 26 named defendants . . . ."); Profit v. Americold Logistics, LLC., 2008 WL 1902190, at *5 (N.D. Ga. April 25, 2008) (finding that the plaintiff "has taken no pains" to serve the defendants within the 120 period and that the plaintiff was well-aware of service requirements due to prior law suit dismissed for lack of effective service, the court dismissed complaint despite fact statute of limitations had run foreclosing the plaintiff's cause of action); Chappell v. Kennestone Hospital, 2006 WL 2474094, at *3 (N.D. Ga. August 25, 2006) (district



AO 72A
(Rev.8/82)

court did not excuse *pro se* plaintiff's failure to effect service within extended court ordered deadline when court twice directed the plaintiff to serve the defendants within specified time period and the plaintiff failed to comply; therefore, the court dismissed the complaint).

For these reasons, the court **RECOMMENDS** that Plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE** for failure respond to the order to show cause and to timely effect service on Defendants.

**SO RECOMMENDED**, this 30th day of March, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE